UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-545-H

RICHARD AND MARY WOLFE                              PLAINTIFFS

V.

STATE FARM FIRE AND CASUALTY CO., ET AL.            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case arises from Richard and Mary Wolfe's ("Wolfes" or "Plaintiffs") claim for payment under their homeowner's insurance policy with State Farm Fire and Casualty Company ("State Farm"). The Wolfes are residents of the Commonwealth of Kentucky and State Farm is incorporated in and has its principle place of business in Illinois. The Wolfes' claim was handled by a State Farm employee, Carole Lee Scaff ("Scaff"), who also is a resident of Kentucky.

On January 18, 2009 the Wolfes' home was destroyed by fire. The Wolfes had never moved into this home but had rented it at the time of the fire. The cause of fire could not be definitely determined, but the local fire department thought that an electrical dysfunction of equipment used in an illegal marijuana cultivation operation may have been the cause. State Farm investigated the Wolfes' claim for approximately fifteen months before any payment on the claim was made. Once payment was made, State Farm did not, according to Plaintiffs, provide adequate explanation for the delay or their perceived undervaluation of the claim.

Plaintiffs initiated suit against State Farm and Scaff in state court claiming breach of contract, violation of the Unfair Claims Settlement Practices Act (K.R.S. 304.12-230), bad faith,

violation of K.R.S. 304.12-235, violation of the Kentucky Consumer Protection Act (K.R.S. 367.170 et seq.), and punitive damages. Defendants removed to this Court based on diversity jurisdiction, saying that Scaff's citizenship should be ignored for the purposes of determining diversity since she cannot be held personally liable for the claims under Kentucky law. Plaintiffs have moved to remand. For the reasons stated below, the motion to remand will be denied and Defendant Scaff will be dismissed.

I

Defendants in this case removed to federal court claiming jurisdiction under 28 U.S.C. §1332, even though one of the named defendants is not diverse. Defendants can avoid remand only by "demonstrat[ing] that the non-diverse party was fraudulently joined." *Probus v. Charter Comm., LLC*, 234 Fed. Appx. 404, 406 (6th Cir. 2007) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). A defendant was fraudulently joined if there is no colorable cause of action under state law against that defendant, *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999); "[a]ny ambiguities as to state law should be resolved in favor of the plaintiffs as the nonremoving party." *Winburn v. Liberty Mut. Ins. Co.,* 933 F.Supp. 664, 666 (E.D.Ky. 1996) (citing *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)). "The burden of proving fraudulent joinder is even more stringent than the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6)." *Gibson v. Am. Mining Ins. Co.,* No. 08-118-ART, 2008 WL 4602747, at *5 (E.D.Ky. Oct. 16, 2008) (unpublished opinion) (citing *Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 424 (4th Cir. 1999)). Unfortunately, no appellate court in Kentucky has spoken directly on whether an insurance company's employee can be held

2

individually liable under the Kentucky Unfair Claims Settlement Practices Act, *Fulkerson v. State Farm Mut. Automobile Ins. Co.,* No. 3:09CV-392-S, 2010 WL 2011566, at *1 (W.D.Ky. May 20, 2010) (unpublished opinion), or the Kentucky Consumer Protection Act.

Federal courts are, at times, called upon to predict what a state court would decide. Predicting and ruling on what a state court would likely decide is different than, but related to, determining whether there is any colorable cause of action under state law. While a colorable cause of action just requires the small, but reasonable possibility of success based on existing law, concluding what a state court might decide requires law and reason leading to the conclusion that state courts would likely choose one path over another. While it may be easier to demonstrate that there is a colorable cause of action under state law, no cause of action can be "colorable" if it is contrary to reason or established law. The Sixth Circuit has stated,

> "There can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. [Restated,] the question [is] whether there was any reasonable basis for predicting that [the plaintiff] could prevail."

*Probus*, 234 Fed. Appx. at 406-407 (alterations in original) (quoting *Alexander,* 13 F.3d at 949). This Court finds that both law and reason point to the improbability of Kentucky courts holding insurance adjusters individually liable for claims under the Kentucky Unfair Claims Settlement Practices Act or the Kentucky Consumer Protection Act.

II

In Kentucky, the same elements define a bad faith claim and a claim under the Unfair Claims Settlement Practices Act. *Davidson v. Am. Freightways, Inc.,* 25 S.W.3d 94, 100 (Ky.

3

2000) (stating "Justice Leibson gathered all of the bad faith liability theories under one roof and established a test applicable to all bad faith actions . . . whether premised upon common law theory or a statutory violation) and *Gibson,* 2008 WL 4602747 at *5 and FN9 (citing *Davidson,* 25 S.W.3d at 99 - 100) (referring to *Davidson* when stating that Kentucky recognizes both statutory and common law bad faith claims and that the elements of these two claims are the same). The Wolfes have brought both statutory and common law bad faith claims against Scaff. Since the elements of these two claims are the same, it is reasonable to conclude that Kentucky law would hold the same individuals and entities liable for a statutory violation as for common law bad faith. Other courts have come to a similar conclusion. *See, e.g., Fulkerson,* 2010 WL 2011566, at *1.

The statute at issue, K.R.S. §304.12-230, lists certain "acts or omissions" that constitute unfair claims settlement practices if committed by "any person." K.R.S. §304.1-020 defines "person" as "an individual, insurer, company, association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity." Certainly the statute regulates the individual behavior of those in the insurance industry. However, the statutory language is not clear that an insurance adjuster should be individually liable for violations of the act.

*Davidson* focused on the liability of an uninsured or self-insured entity for statutory and common law bad faith, but did not speak to an individual adjuster's liability for bad faith. 25 S.W.3d 94. The Kentucky Supreme Court "conclude[d] that both the statute and the common law tort apply only to persons or entities engaged in the business of insurance." *Id.* at 95. However, there are plenty of reasons that liability was limited to those with a contractual

4

obligation to pay the disputed claim. *Id.* at 98 and 100 (concluding that the "Kentucky Insurance Code was designed to regulate" those "in the business of entering into contracts of insurance" and that one of the elements of a bad faith claim is the insurer's obligation to pay the claim).

Thus, *Davidson* does state that the statute was "clearly intended to regulate the conduct of insurance companies." 25 S.W.3d at 96. Scaff was not a party to the Wolfes' insurance contract and did not have a personal obligation to pay any claims of the Wolfes. If any bad faith occurred, this Court concludes it is unreasonable to conclude Kentucky law would hold Scaff individually liable.

III

The Plaintiffs make several other claims against Scaff. K.R.S. § 304.12-235 discusses the time in which claim payments should be made and the consequences for not paying or attempting in good faith to settle claims in the prescribed time period. Given that this statute is in the same subtitle and topically related to the Unfair Claims Settlement Practices Act, it would be counterintuitive to believe an adjuster would be individually liable under K.R.S. §304.12-235 but not K.R.S. § 304.12-230. The Plaintiffs also have a breach of contract claim and a claim under the Kentucky Consumer Protection Act against Scaff. Both of these claims fail because there is no privity of contract between Scaff and the Plaintiffs. *Anderson v. Nat'l Security Fire and Casualty Co.,* 870 S.W.2d 432, 436 (Ky. Ct. App. 1993) (repeating that there was legislative intent for privity of contract to exist for claims under the Consumer Protection Act) and *Presnell Const. Managers, Inc. v. EH Const., LLC,* 134 S.W.3d 575, 579 (Ky. 2004) (stating "'[p]rivity of contract' is '[t]he relationship between parties to a contract, allowing them to sue each other but preventing a third party from doing so.'" (quoting Black's Law Dictionary 1217 (7th ed. 1999)).

5

Furthermore, "the same three elements necessary to prove bad faith under Kentucky law must also be proven in a claim under the Consumer Protection Act. The same reasons that support dismissal of the bad faith claim [against Scaff] also support dismissal of the claim [against her] under the Consumer Protection Act" *Baymon v. State Farm Ins. Co.,* 257 Fed. Appx. 858, 863 (6th Cir. 2007) (citations omitted).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED and Defendant Scaff is DISMISSED from this action.

cc: Counsel of Record